**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**GXO LOGISTICS SUPPLY CHAIN, INC.**                                  **PLAINTIFF**

**V.**                                                                   **CIVIL ACTION NO. 3:23-CV-61-SA-RP**

**YOUNG LIVING ESSENTIAL OILS, LC**                                       **DEFENDANT**

**ORDER**

This matter is before the court on GXO Logistics Supply Chain, Inc.'s Opposed Motion to Prohibit Young Living from Viewing Disputed Privileged Communications in Opposing GXO's Clawback Request. ECF #170. The defendant/counter-claimant Young Living Essential Oils, LC opposes the motion. The court finds the motion is well taken and should be granted.

In this action, GXO and Young Living have brought various claims against one another seeking the recovery of damages and other relief related to the breakdown of the business relationship between the two companies. A dispute has arisen over whether 16 of the more than 29,500 documents previously produced by GXO during discovery contain privileged information. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), GXO has notified Young Living of the claim of privilege as to those documents, and Young Living has sequestered the subject documents pending resolution of GXO's claim of privilege.

During a discovery status teleconference with counsel and the undersigned to discuss the dispute, it was apparent there is also a dispute as to whether Young Living, having previously viewed and now having sequestered the documents, may review the documents in order to assess and oppose GXO's claim of privilege. All agreed this threshold issue must be resolved first, resulting in GXO's present motion to prohibit Young Living from viewing the subject documents pending resolution of the privilege claim.

Rule 26(b)(5)(B) provides, in relevant part, that after receiving notice of a claim of privilege as to information previously produced, the receiving party "must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; … and may promptly present the information to the court under seal for a determination of the claim." GXO argues that Young Living should not be permitted to view the sequestered documents pending resolution of the privilege claim. Young Living, on the other hand, argues it should be permitted to view and use the putatively confidential information in opposing the privilege claim. Each party cites non-binding authorities in support of its position, and the court finds GXO's cited authorities more persuasive.

In the court's view, a well-reasoned discussion of the issue is found in *In re Google RTB Consumer Privacy Litigation,* No. 21-cv-02155-YGR (VKD), 2022 WL 1316586 (N.D. Cal. May 3, 2022), the reasoning and holding in which this court will follow. In summary, the approach advocated by the receiving party in that case (and Young Living in this case) is inconsistent with the goals of Federal Rule of Evidence 502(d), which was designed to promote more efficient and cost-effective discovery in cases (such as the present one) involving substantial quantities of electronically stored information. *Id.* at *3. To accomplish this goal, the rule permits parties to avoid the need for exhaustive pre-production privilege reviews by providing a mechanism for parties to claw back privileged materials after the fact without waiving privilege. *Id.* To allow receiving parties to examine and brief the contents of documents subject to a claw back notice would defeat the purpose of the rule, as parties would likely choose to undertake an exhaustive pre-production review to identify and withhold privileged information rather than risk a waiver "for briefing purposes only." *Id*.

Noting that Rule 26(b)(5)(B) permits the party to "present" the privileged material to the court under seal, the *In re Google* court read this provision – as does this court – to mean that "either party may provide the disputed document to the court for *in camera* review." *Id.* This court agrees with the *In re Google* court's finding that:

> in the typical circumstances contemplated by Rule 502(d), where a party produces a large volume of documents without exhaustive privilege review and later discovers that the production includes privileged material, nothing in Rule 26(b)(5)(B) requires the Court to permit the receiving party to examine and brief the contents of the putatively privileged material in challenging the claim of privilege …

*Id.* at *4. *See also United States Equal Employment Opportunity Commission v. George Washington University,* 502 F.Supp.3d 62, 74 (D.D.C. 2020) (holding that when party receives Rule 25(b)(5)(B) claw back notice, "it may not … review the material to determine for itself whether the claimed privilege applies); *D'Anna ex rel. United States,* No. 2:14-cv-437-JLB-NPM, 2024 WL 916559, at *2 (M.D. Fla. Mar. 4, 2024) (holding that when receiving party has sequestered someone else's purportedly privileged material and wishes to challenge the privilege, receiving party may not refer to contents of challenged documents; rather, "the proper procedure is to submit the information under seal and to marshal facts independent of its contents to support the challenge").

In support of its opposing argument, Young Living relies primarily on the case of *Stinson v. City of New York,* in which -- as GXO points out – the court actually *rejected* the receiving party's contention that after receiving a Rule 26(b)(5)(B) claw back notice, it was entitled to retain and review a copy of the subject documents in order to review them for privilege. No. 10 Civ. 4228(RWS), 2014 WL 5090031, at *3. Acknowledging that the "bell has already been rung" because the receiving party had already seen the documents before receiving the claw back notice, and "while considerable damage has arguably already been done," the court nonetheless

required the return of the retained copy, observing its duty "to mitigate damage to the protections of privilege as much as possible, despite the burden it inevitably places on the lower courts with respect to in camera review." *Id.* However, the court ruled that notwithstanding the required return of the subject documents, for purposes of litigating the privilege claim the receiving party could rely on information it learned from reviewing the documents prior to notification of the inadvertent disclosure. *Id.* at *4.

To the extent that Young Living is advocating this approach, the court again turns to the sound reasoning in the *In re Google* decision:

> While there may be circumstances in which it would be impracticable or unreasonable to require parties to avoid discussing the contents of a putatively privileged document in briefing and argument challenging the claim of privilege, such circumstances are most likely to arise where the document has already been used or disclosed in a substantive way in the litigation *before* the producing party attempts to claw it back – such as, for example, where a party has already discussed the contents of a document in a brief filed with the court or has obtained testimony about the document in a deposition.

2022 WL 1316586, at *4 (emphasis in original).

In the present case, there is no indication that the information GXO seeks to claw back has already been used or disclosed in a substantive way in this litigation, such as in a brief filed with the court or in deposition testimony about the information. As such, the court does not find it impracticable or unreasonable to prohibit Young Living, when challenging GXO's claim of privilege, from discussing the specific contents of the putatively privileged information.

For these reasons, the Plaintiff's Motion to Prohibit Young Living from Viewing Disputed Privileged Communications in Opposing GXO's Clawback Request [ECF #170] is GRANTED. Pending resolution of the dispute over GXO's claw back request, Young Living may not view the subject (and now sequestered) documents, nor may Young Living use or discuss in arguments to the court the specific contents of any putatively privileged information it

may have learned when viewing the subject documents prior to receiving the claw back request. Unless counsel for the parties contact the undersigned by August 30, 2024 to notify the court that this dispute has been resolved or to request a teleconference with the undersigned to discuss further, GXO must file its motion to enforce its claw back request <u>no later than September 6, 2024</u>, failing which its claim of privilege will be deemed waived. GXO having already provided the undersigned with unredacted copies of the subject documents for *in camera* review, it need not do so again.

    **SO ORDERED**, this, the 23rd day of August 2024.

                                            /s/ Roy Percy_____
                                            UNITED STATES MAGISTRATE JUDGE